IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VOULA PAPPAS AND CHRISA PAPPAS,

    Plaintiffs,

    v.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC., a Maryland corporation doing business as HOTEL GRANDE BRETAGNE, and DOE I through DOE L, inclusive,

    Defendants.

CIV-S-05-0717 DFL/GGH

ORDER

    Plaintiffs filed the current complaint in April 2005, claiming theft and negligent infliction of emotional distress. Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") failed to timely answer the complaint, and plaintiffs moved for entry of default on May 26, 2005. The clerk entered default on July 5, 2005, retroactive to the date of plaintiffs' motion. In the meantime, on June 24, 2005, Starwood filed a motion to set aside the clerk's entry of default.

    In order to prevail on its motion to set aside the entry of

1

default, Starwood must show good cause under Fed.R.Civ.P. 55(c), a standard which is less rigorous than that required under Fed.R.Civ.P. 60(b) to set aside a default judgment.  See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).  The court has broad discretion in deciding whether to set aside an entry of default; however, the factors articulated under Rule 60(b) cases provide helpful guidance.  Under Rule 60(b), a default judgment should not be set aside if one of the following factors applies: (1) plaintiff would suffer prejudice; (2) defendant has no meritorious defense; or (3) defendant's culpable conduct led to the default.  In re Hammer, 940 F.2d 524, 525-26 (9th Cir. 1991).

    None of these factors is present here.  Plaintiffs have not articulated any reason why they will suffer prejudice if Starwood's motion is granted.  Starwood also establishes that it has multiple possibly meritorious defenses, including plaintiffs' alleged failure to state a claim upon which relief can be granted, venue and jurisdiction issues, and questions as to whether Starwood is a proper defendant.  Finally, Starwood argues that its mistake was excusable neglect.  See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (the concepts of "excusable neglect" and "culpable conduct" are interchangeable in default analysis).  Starwood's claims office made an administrative error in failing to properly forward the complaint to its insurance carrier.  (Mot. at 2.)  There is no indication that Starwood's failure to respond to the complaint was done

1 | wilfully or in bad faith.  This error hardly rises to the level
2 | of culpable conduct, especially in the context of the other
3 | equitable factors already considered.  TCI, 244 F.3d at 697
4 | (error not culpable or inexcusable where "defendant offers a
5 | credible, good faith explanation negating any intention to take
6 | advantage of the opposing party, interfere with judicial
7 | decisionmaking, or otherwise manipulate the legal process").
8 | Therefore, Starwood's motion to set aside the entry of default is
9 | GRANTED.

   IT IS SO ORDERED.

Dated: 8/25/2005

_____
DAVID F. LEVI
United States District Judge