IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VOULA PAPPAS and CHRISA PAPPAS,

    Plaintiffs,

    v.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC.,

    Defendant.

CIV-S-05-717 DFL GGH

<u>MEMORANDUM OF OPINION AND ORDER</u>

    Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") moves to dismiss the negligence claims of plaintiffs Voula Pappas ("Voula") and Chrisa Pappas ("Chrisa") (collectively "plaintiffs") on four grounds: (1) forum non conveniens; (2) failure to sue a proper defendant; (3) failure to state a claim; and (4) lack of subject matter jurisdiction.

    For the reasons stated below, the court: (1) DENIES Starwood's motion to dismiss for forum non conveniens; (2) DENIES Starwood's motion to dismiss for failure to sue a proper defendant; (3) DENIES Starwood's motion to dismiss plaintiffs' claim for negligence; (4) GRANTS Starwood's motion to dismiss plaintiffs' claim for negligent infliction of emotional distress

1

("NIED") and deems the claim part of plaintiffs' negligence claim; and (5) DENIES Starwood's motion to dismiss for lack of subject matter jurisdiction.

I.

Plaintiffs are a mother and daughter, both residents of California, who traveled to Greece. (FAC at 2.) On August 26, 2003, plaintiffs stayed at the Hotel Grande Bretagne in Athens, Greece. (Id.) That night, while plaintiffs slept, they allege that someone entered their room and stole $15,000 from Voula's purse. (Id.) Plaintiffs claim the thief gained access to their room through a defective door lock. (Id.)

On April 13, 2005, plaintiffs brought this suit against Starwood. On September 14, 2005, plaintiffs filed a first amended complaint ("FAC"). Plaintiffs allege that the Hotel Grande Bretagne is a Starwood "facility" managed by Starwood. (Id.) Plaintiffs allege that Starwood was negligent in "constructing, maintaining, managing, designing, and otherwise providing a purportedly safe environment." (Id.) As a result of Starwood's negligence, plaintiffs claim that they have suffered emotional distress and a "severe shock to their nervous systems." (Id. at 3-5.)

Based on these allegations, plaintiffs bring two causes of action: (1) negligence; and (2) NIED. (Id.) Under the negligence claim, Voula seeks damages for the $15,000 taken from her purse. (Id. at 3.) Under the NIED claims, each plaintiff seeks general damages in excess of the minimum jurisdictional

limits of the court.  (Id. at 4-5.)

II.

A. Forum Non Conveniens

Starwood argues that plaintiffs' suit should be dismissed because Greece provides a more convenient forum.  (Mot. at 9.)  A court may decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties.  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504, 67 S.Ct. 839 (1947).  When considering a motion to dismiss under forum non conveniens, a court must examine: "(1) whether an adequate alternative forum exists; and (2) whether the balance of private and public interest factors favors dismissal."  Luek v. Sundstrand Corp., 236 F.3d 1137, 1142 (9th Cir. 2001).  To make its determination, a court may consider declarations outside the pleadings.  U.S. Vestor, LLC v. Biodata Info. Tech. AG, 290 F.Supp.2d 1057, 1062 n.1 (N.D. Cal. 2003) (citing AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 589-591 (9th Cir. 1996)).

Under the first part of the test, "[t]he defendant bears the burden of proving the existence of an adequate alternative forum."  Cheng, 708 F.2d at 1411.  An adequate alternative forum ordinarily exists when: (1) the defendant is amenable to service of process in the foreign forum; and (2) the foreign forum provides the plaintiff with some remedy for his wrong.  Luek, 236 F.3d at 1143.  However, even if there is an adequate alternative forum, "[o]rdinarily, a plaintiff's choice of forum will not be

3

disturbed unless the 'private interest' and the 'public interest' factors strongly favor trial in a foreign country." Id. at 1145 (citation omitted).  In addition, a plaintiffs' choice of forum is entitled to greater deference when he chooses his home forum. Id. at 1143 (citation omitted).

Following oral argument, Starwood submitted an additional declaration suggesting Greece provides an adequate alternative forum. (See Rodriguez Decl.)  However, Starwood has not shown that the public and private interest factors strongly favor trial in Greece.  Starwood's briefing contains no discussion of possible public interest factors, nor choice of law.[1]  At present it appears that many of the liability witnesses reside in Greece while the damage witnesses -- plaintiffs' treating doctors -- reside in this district.  If further discovery demonstrates that Sacramento is an inconvenient forum, then the court will permit Starwood to renew the motion.  Therefore, the court DENIES Starwood's motion to dismiss for forum non conveniens without prejudice to its renewal.

B. Wrong Defendant

Starwood argues that plaintiffs sued the wrong defendant because Starwood does not manage or own the Hotel Grande Bretagne.  (Mot. at 4.)  Instead, Starwood alleges that CIGA, a Greek corporation, operates and manages the hotel.  (Id. at 5.)

---

[1] The court notes that Starwood provided a cursory analysis of the choice of law issue in a supplemental brief.  (See Def.'s Reply to Pls.' Obj. to Decl. Rodriguez.)  However, plaintiffs did not have an opportunity to respond.

4

Starwood licensed its trademarks to CIGA, and CIGA is a wholly-owned fourth-tier subsidiary of Sheraton International, Inc., which is a third-tier subsidiary of Starwood. (Id.) Starwood argues because it is a corporate parent, it cannot be liable for the acts of its subsidiary, CIGA. (Id. at 6.)

In response, plaintiffs argue that Starwood is liable for CIGA's negligence under a theory of ostensible agency. (Opp'n at 6.) They claim that Starwood's website suggests that Starwood owns and operates the hotel. (Id.)

In support of their respective arguments, both parties have cited to declarations and evidence outside the FAC. Starwood cites a number of declarations to establish that it does not manage or operate the hotel. (Mot. at 4-6.) Similarly, plaintiffs base their ostensible agency argument on the contents of a website that was not attached to, or mentioned, in their complaint.

However, on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court may look only to the facts alleged in the pleadings, documents attached to the pleadings, or matters of which the court takes judicial notice. See Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996). Of course, the court could convert the motion to a summary judgment motion. See Rule 12(b)(6). The court declines to do so here because the briefing is not adequate. In particular, the briefs do not address whether Greek or California law applies. Moreover, Starwood assumes that plaintiffs are claiming that Starwood is

5

the principal and the hotel is the ostensible agent. However, according to plaintiffs, it is the other way around. Accordingly, Starwood's briefing is not directed to plaintiffs' theory of the case. Therefore, the court DENIES Starwoood's motion to dismiss Starwood as the wrong defendant with leave to renew on a motion for summary judgment.

C. Failure to State a Claim

Starwood moves to dismiss plaintiffs' claims for: (1) negligence; and (2) NIED.

1. Negligence

Starwood argues that plaintiffs cannot state a claim for negligence because Starwood is not the appropriate defendant. (Mot. at 11.) As discussed above, the court cannot resolve that issue on this motion. Therefore, the court DENIES Starwood's motion to dismiss plaintiffs' claim for negligence.

2. NIED

Starwood argues that plaintiffs' claims for NIED should be dismissed because California courts do not recognize NIED as an independent tort. In addition, it argues that plaintiffs cannot recover for their emotional distress because: (1) Starwood's alleged negligence was not outrageous; and (2) Chrisa Pappas cannot recover under a bystander theory. (Mot. at 11-12.)

a. NIED

Under California law, there is no independent tort of NIED. See Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (1993); Lawson v. Mgmt. Activities, Inc., 69 Cal.App.4th 652, 656

6

(1999). Rather, NIED is simply a form of negligence, and NIED claims must satisfy the traditional elements of duty, breach, causation, and damages. Lawson, 69 Cal.App.4th at 656. Therefore, plaintiffs' separate claims for NIED are included in their claim for negligence, and their damages for emotional distress should be pleaded under that cause of action. The court will deem the separate claim for NIED as a claim for emotional distress damages due to defendant's negligence.

### b. Damages for Emotional Distress

#### i. Outrageous Conduct

Starwood argues that plaintiffs cannot recover for emotional distress because Starwood's alleged negligence was not "outrageous." (Mot. at 12.) In support of its argument, Starwood cites to Bro v. Glaser, 22 Cal.App.4th 1398 (1994). In Bro, the court held that a defendant's conduct must be "outrageous" for the plaintiff to recover for emotional distress caused by negligence. Id. at 1441. In addition, it found that a court could rule as a matter of law that defendant's conduct was not outrageous enough to constitute negligence. Id. Under Bro, Starwood argues that a negligently defective doorlock is not outrageous conduct as a matter of law. (Mot. at 12.)

However, numerous courts have rejected Bro's requirement of outrageous conduct. See Wooden v. Raveling, 61 Cal.App.4th 1035, 1046 (1998) (finding Bro's outrageous conduct element inconsistent with existing law that defines NIED as a form of negligence); Mercado v. Leong, 43 Cal.App.4th 317, 327 (1996)

7

(rejecting <u>Bro</u>'s use of the outrageous conduct element).  In addition, the California Supreme Court has not recognized outrageous conduct as an element of NIED.  <u>See</u> <u>Potter</u>, 6 Cal.4th at 985.  Therefore, the court rejects Starwood's argument that plaintiffs cannot recover damages for their emotional distress without showing that Starwood acted outrageously.

<u>ii. Bystander Claim</u>

Starwood also moves to dismiss Chrisa's claim for emotional distress because she fails to plead the elements of a bystander claim.  (Mot. at 12.)  However, Chrisa did not raise a bystander claim.  "Bystander cases are cases in which the plaintiff was not physically impacted or injured, but instead witnessed someone else being injured due to defendant's negligence."  <u>Wooden</u>, 61 Cal.App.4th at 1037.  Here, Chrisa alleges that Starwood caused her emotional distress by allowing someone to enter her hotel room while she slept.  (FAC at 2,5.)  She does not claim that she suffered emotional distress by witnessing an injury to Voula.

Although plaintiffs cannot bring a separate tort for NIED, Starwood has failed to show that they cannot recover for their emotional distress.  Therefore, the court GRANTS Starwood's motion to dismiss plaintiffs' NIED claims and will deem the complaint amended to include a prayer for emotional distress damages as part of the negligence claim.

<u>D. Subject Matter Jurisdiction</u>

Starwood argues that plaintiffs cannot meet the amount in controversy requirement for two reasons: (1) their monetary

losses under California law and Greek law are limited; and (2) their emotional damages do not exceed $75,000. (Mot. at 15; Reply at 6-7.)

District courts have jurisdiction in civil cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Generally, the amount in controversy is determined from the face of the complaint. Crum v. Circus Circus Enter., 231 F.3d 1129, 1131 (9th Cir. 2000). The amount claimed by the plaintiff in the complaint controls so long as it is made in good faith. Id. "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" Id. (citations omitted).

1. Innkeeper Statutes

First, Starwood argues that plaintiffs' recovery is limited by: (1) California Civil Code section 1859; or (2) Greek Article 8 of Law 1652/1986. (Mot. at 15.) However, even if California and Greek law limit plaintiffs' recovery of their lost money, they still plead damages for emotional distress.

2. Damages for Emotional Distress

Starwood argues that plaintiffs' damages for emotional distress do not satisfy the $75,000 requirement. (Mot. at 15.) Under their claims for NIED, plaintiffs allege that their "injuries will result in some permanent disability . . . [and] damage[s] . . . in excess of the minimum jurisdictional limits of the court . . . ." (FAC at 4-5.)

9

Although the claim of permanent injury may be difficult to prove, and may fall out on a summary judgment motion, the allegation of permanent disability suffices to establish the jurisdictional amount at this juncture. Because Starwood has failed to show to a legal certainty that plaintiffs' claim is for less then the jurisdictional amount, the court DENIES Starwood's motion to dismiss the case for lack of subject matter jurisdiction.

### III.

For the reasons stated above, the court: (1) DENIES Starwood's motion to dismiss for forum non conveniens; (2) DENIES Starwood's motion to dismiss for failure to sue a proper defendant; (3) DENIES Starwood's motion to dismiss plaintiffs' claim for negligence; (4) GRANTS Starwood's motion to dismiss plaintiffs' separate claim for negligent infliction of emotional distress and deems the claim part of plaintiffs' negligence claim; and (5) DENIES Starwood's motion to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: 12/19/2005

_____
DAVID F. LEVI
United States District Judge

10